UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LOGAN T. KNOWLES,

    Petitioner,

        v.                               CAUSE NO. 3:21-CV-731-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Logan T. Knowles, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-21-3-686) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of attempting to commit battery on a staff member in violation of Indiana Department of Correction Offense 111/117. Following a hearing, he was sanctioned with the loss of one hundred eighty days credit time and a demotion in credit class.

Knowles argues that he is entitled to habeas relief because he was accused of throwing apples and oranges at a staff member when it was not possible for him to possess oranges. He further argues that he was not able to identify the writer of the conduct report.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's

> guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record includes a conduct report in which a caseworker represented that she saw Knowles at his cell during rounds and denied his request for a hygiene kit, citing an email. ECF 7-1. According to the conduct report, when she declined to provide additional information about commissary deliveries, he began throwing apples and oranges at her through the cuff port. The conduct report expressly identifies Caseworker Keiffer as its writer. The conduct report constitutes some evidence that Knowles committed the offense of attempted battery on staff. Though Knowles denies the allegations, including his possession of oranges, the hearing officer was not required to credit his account over the caseworker's account. Moreover, the administrative record contained some evidence of the charged offense even if the hearing officer had credited Knowles' statement that he did not have oranges. Therefore, the claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

Knowles argues that he is entitled to habeas relief because hearing officer denied him the right to present exculpatory evidence by declining to provide the email referenced in the conduct report. He maintains that correctional staff would have been unable to produce the email because it did not exist, which would have demonstrated that the caseworker had fabricated the conduct report. The hearing officer denied the request because inmates are not permitted access to caseworker emails and because the

email was irrelevant to the charged offense. ECF 7-4. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.* Establishing that the email did not exist may have had some limited effect on the overall assessment of the caseworker's credibility, but the reference to the email was not a material component of the allegations, and the email did not directly relate to the central issue of whether Knowles attempted to batter the caseworker. Because the hearing officer reasonably denied the request as irrelevant, this claim is not a basis for habeas relief.

Knowles argues that he is entitled to habeas relief because the written statement of the disciplinary decision indicates that the hearing officer relied solely on staff reports to find him guilty. Procedural due process requires a "written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action." *Wolff v. McDonnell*, 418 U.S. 539, 564. (1974). "A prison disciplinary committee is required to give a brief statement of the evidentiary basis for its decision to administer discipline, so that a reviewing court, parole authorities, etc. can determine whether the evidence before the committee was adequate to support its findings concerning the nature and gravity of the prisoner's misconduct." *Saenz v. Young*, 811 F.2d 1172, 1174 (7th Cir. 1987). Though the hearing officer's explanation is not particularly detailed, it identifies

3

the evidentiary basis for the finding of guilt and the reasons for the sanctions imposed and thus satisfies procedural due process. ECF 7-5. Therefore, the claim that the hearing officer did not provide a written explanation is not a basis for habeas relief.

Pursuant to Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons explained in this order, there is no basis for encouraging Knowles to proceed further. Additionally, Knowles may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Logan T. Knowles leave to proceed in forma pauperis on appeal.

SO ORDERED on January 28, 2022

s/Michael G. Gotsch, Sr.  
Michael G. Gotsch, Sr.  
United States Magistrate JudgeT